UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| SEBASTIAN DIEZ GOMEZ, | |
| Petitioner, | |
| v. | No. 1:25-CV-00220-H |
| BLUEBONNET DETENTION FACILITY, WARDEN, *et al.*, | |
| Respondents. | |

### FINAL DEFICIENCY SHOW CAUSE ORDER

Petitioner, an alien detainee proceeding pro se, filed a document that the Court construed as a petition for writ of habeas corpus under 28 U.S.C. § 2241. But Petitioner did not file the petition on the proper form, pay the $5 filing fee, or file an application to proceed *in forma pauperis* (IFP) with a certificate of his inmate trust account.

On October 24, 2025, the Court entered a notice of deficiency and order requiring Petitioner to file his petition on the proper form and either pay the $5 filing fee or file the required IFP documents by November 24. Dkt. No. 7. The Court provided Petitioner the forms necessary to comply with its order and warned him that failure to do so could result in dismissal of this action without further notice.

Petitioner did not fully comply. Although Petitioner filed an amended petition on the proper form, he did not pay the fee or file the required IFP documents. On December 3, the Court entered a deficiency show cause order, giving Petitioner an additional 14 days to either cure his outstanding filing deficiency or show good cause why he failed to do so. Dkt. No. 9. The Court warned Petitioner again that failure to comply would result in dismissal of this action without further notice. *Id.*

The deadline for Petitioner to cure the filing deficiency expired on December 17. However, on December 19, the Court's December 3 order was returned to the Clerk as undeliverable. Dkt. No. 10. According to the return envelope, Petitioner was released from the Bluebonnet Detention Center on November 20. *Id.*

On December 31, Petitioner filed a notice updating his mailing address and seeking to cure his outstanding filing deficiencies. Dkt. No. 11. Petitioner states that he submitted an IFP motion and a properly completed Section 2241 form, but neither is attached to his notice.

Although Petitioner has not cured his outstanding filing deficiencies, because he has made a good-faith effort to comply with the Court's orders, which demonstrates his intent to proceed with this action, the Court will allow him additional time to cure this deficiency.

If Petitioner wants to proceed with this action, he must, **within 14 days** from the date of this order, either:

(1)   pay the $5 filing fee or file the required IFP documents in accordance with the Court's October 24 and December 3 orders; or

(2)   file a sworn affidavit or unsworn declaration made under penalty of perjury pursuant to 28 U.S.C. § 1746, setting forth the specific steps he has taken to attempt to comply with the prior order, or his reasons for failing to comply; and attach copies of any relevant consent forms or other supporting information to Petitioner's sworn affidavit or unsworn declaration.

The Court notes that, on November 4, Petitioner filed an amended petition on the proper form, which is currently the live pleading before the Court. Dkt. No. 8. If Petitioner

intends to amend his petition, he must, **within 14 days** from the date of this order, file a proper motion for leave and attach a proposed amended petition on the required form.

Petitioner's failure to timely and fully comply with this order will result in dismissal of this action without prejudice, without further notice. *See* Fed. R. Civ. P. 41(b).

The Clerk is directed to provide Petitioner, with service of this order, a form IFP application, certificate of inmate trust account, standard form petition for cases filed under Section 2241, and a courtesy copy of the docket sheet.

Dated January 6, 2026.

_____
JAMES WESLEY HENDRIX
United States District Judge