UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| SEBASTIAN DIEZ GOMEZ, <br><br> Petitioner, <br><br> v. <br><br> BLUEBONNET DETENTION FACILITY, WARDEN, *et al.*, <br><br> Respondents. | No. 1:25-CV-00220-H |

### ORDER

Petitioner Sebastian Diez Gomez, an alien detainee proceeding pro se, filed a document that the Court construed as a petition for writ of habeas corpus under 28 U.S.C. § 2241. But Gomez did not file the petition on the proper form, pay the $5 filing fee, or file an application to proceed *in forma pauperis* (IFP) with a certificate of his inmate trust account. As explained below, the Court concludes that Gomez's petition should be dismissed for want of prosecution.

On October 24, 2025, the Court entered a notice of deficiency and order requiring Gomez to file his petition on the proper form and either pay the $5 filing fee or file the required IFP documents by November 24. Dkt. No. 7. The Court provided Gomez the forms necessary to comply with its order and warned him that failure to do so could result in dismissal of this action without further notice. Gomez did not fully comply. Although he filed an amended petition on the proper form, Gomez did not pay the fee or file the required IFP documents.

On December 3, the Court entered a deficiency show cause order, giving Gomez an additional 14 days to either cure the filing deficiency or show good cause why he failed to

do so. Dkt. No. 9. The Court provided Gomez the forms necessary to comply and warned him again that failure to comply would result in dismissal of this action without further notice. *Id.*

The deadline for Gomez to cure the filing deficiency expired on December 17. However, on December 19, the Court's December 3 order was returned to the Clerk as undeliverable. Dkt. No. 10. According to the return envelope, Gomez was released from the Bluebonnet Detention Center on November 20. *Id.*

On December 31, Gomez filed a notice updating his mailing address and seeking to cure his outstanding filing deficiency. Dkt. No. 11. Although Gomez states that he submitted an IFP motion, one was not attached to his notice.

On January 6, 2026, the Court entered a final deficiency show cause order, giving Gomez an additional 14 days to either cure his outstanding filing deficiency or show good cause why he failed to do so. Dkt. No. 13. The Court provided Gomez the forms necessary to comply, along with a courtesy copy of the docket sheet, and warned him for a third time that failure to comply would result in dismissal of this action without further notice. *Id.*

The Court's January 6 order and accompanying documents were mailed to Gomez at the Eden Detention Center (EDC)—the updated address he provided on December 31. But the mailing envelopes were recently returned to the Clerk as undeliverable. Dkt. Nos. 14, 15. The envelopes are marked "Return to Sender" and "Unable to Forward," and indicate that Gomez is no longer detained at EDC. *Id.*

To date, Gomez has not cured his outstanding filing deficiency or provided the Court with his current mailing address as previously instructed, which is required. *See* Dkt. No. 5; *see also* N.D. Tex. Civ. R. 83.13, 83.14.

Federal Rule of Civil Procedure 41(b) authorizes the district court to dismiss an action sua sponte for failure to prosecute or to comply with a court order. *See Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *see also* Fed. R. Civ. P. 41(b). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash Railroad*, 370 U.S. 626, 629–30 (1962).

Because Gomez has not cured his outstanding filing deficiency and his current address is unknown, this case cannot proceed. As a result, the Court concludes that Gomez's petition must be dismissed without prejudice for failure to prosecute.

So ordered.

The Court will enter judgment accordingly.

Dated January 30, 2026.

JAMES WESLEY HENDRIX
United States District Judge